## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

## TENNESSEE WILDLIFE RESOURCES AGENCY, Defendant-Appellee.

### Nos. 86–5539, 86–6294.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 13, 1987.

Decided Oct. 4, 1988.

Harriett Miller Halmon, R. Gaye Austin, E.E.O.C., Memphis, Tenn., Johnny Butler, E.E.O.C., Washington, D.C., Gale B. Black (argued), for plaintiff-appellant. '

W.J. Michael Cody, Atty. Gen. of Tenn., Nashville, Tenn., Mary E. Walker (argued), for defendant-appellee.

Before ENGEL, Chief Judge *, KENNEDY, Circuit Judge, and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

This case is a close parallel to 87–5193 *EEOC v. Kentucky State Police* and has been argued before and considered by this court at the same time as the *Kentucky* case. Although the factual background is different, the governing principles are the same.

The employing agency in this instance is the Tennessee Wildlife Resources Agency. As its name suggests, this Agency is responsible for licensing hunting and fishing in the state and for enforcing laws concerning wildlife. Duties of its officers include investigating violations of hunting and fishing laws—such violations as night hunting, spotlighting, excessive bag and creel limits. They also are responsible for arresting all game and fishing law violators. Officers of this department are on call 24 hours a day, and during hunting and fishing season they work long hours in all sorts of weather.

Code Ann. Section 8–36–205(2), provides:

_____

* The Honorable Albert J. Engel assumed the    duties of Chief Judge effective April 1, 1988.

Any member in service as a wildlife officer shall be retired upon the last day of the fiscal year during which he has attained age fifty-five (55), and has completed twenty-five (25) years of creditable service; provided, however, any such member who has not attained age sixty (60) may continue in service to age sixty (60) upon application to and approval by the wildlife resources commission.

Although this case has been considered as a companion case to *EEOC v. Kentucky State Police Dept.*, No. 87–5193, it is obvious from the names of the agencies that there are major differences in job functions. In our instant case, the Commission has granted one year extensions to a number of officers. Some of these have received multiple extensions. These extensions were granted without any determinations as to job performance, physical ability, or physical fitness. Some of them were made on the basis of the economic situation of the officer concerned. In other instances, extensions were granted for political reasons.

Tennessee Code, TCA Section 8–36–205(2) allows for extensions of the 55–year age limit to be granted by the agency without testing for physical fitness. Medical evidence introduced before the trial court seemed to establish that while age does not cause coronary artery disease there is a correlation between age and coronary artery disease. The record discloses that as much as 70% of the general population will, by age 55, have at least a 50% obstruction of at least one coronary artery. Many other factors bear on coronary events. They include gender, metabolic factors, hypertension, obesity, and lack of physical exercise.

The EEOC presented two doctors who testified that programs of exercise and elimination of any smoking habit would favorably affect coronary risk. Family history is a factor also, albeit quite beyond control.

The District Judge who heard this case held that coronary artery disease is a significant health factor in persons over age 55 which precludes substantially all people with such disease from performing the duties of a wildlife officer safely and efficiently. 696 F.Supp. 1163 (M.D.Tenn.1986).

As we have previously noted in *EEOC v. Kentucky State Police Department*, 87–5193, and the Supreme Court has established in *Western Air Lines v. Criswell*, 472 U.S. 400, 410–11, 105 S.Ct. 2743, 2749–50, 86 L.Ed.2d 321 (1985), the legislative history of the Age Discrimination in Employment Act clearly outlines its purpose:

> Increasingly, it is being recognized that mandatory retirement based solely upon age is arbitrary and that chronological age alone is a poor indicator of ability to perform a job. Mandatory retirement does not take into consideration actual differing abilities and capacities. Such forced retirement can cause hardships for older persons through loss of roles and loss of income. Those older persons who wish to be re-employed have a much more difficult time finding a new job than younger persons. Society, as a whole, suffers from mandatory retirement as well. As a result of mandatory retirement, skills and experience are lost from the work force resulting in reduced GNP. Such practices also add a burden to Government income maintenance programs such as social security. H.R.Rep. No. 95–527, pt. 1, p. 2 (1977). Legislative History 362.

There is a two prong test which the Supreme Court adopted in *Criswell, supra*, which requires the employer to demonstrate that any qualification used to justify a mandatory age requirement is reasonably necessary to the essence of its business. If this test is met then the employer must also be prepared to show that substantially all adult employees over a particular age lack the qualification for the jobs, or that it is impossible or impractical to deal with employees on an individualized basis.

In this case the District Court accepted the agency's contention that it is impossible to treat employees on an individualized basis because testing for coronary artery disease cannot be accomplished short of invasive measures. However, as Tennessee applies its statute (as shown by this record), it

has not treated physical and coronary fitness as reasonably necessary to the position of wildlife officer. *Tuahy v. Ford Motor Co.*, 675 F.2d 842 (6th Cir.1982), and *Usery v. Tamiami Trail Tours, Inc.*, 531 F.2d 224 (5th Cir.1976).

The following language from a Seventh Circuit case is applicable to our instant case:

> .... a telling bit of evidence that mandatory retirement at age 55 is not "reasonably necessary" is that the Crawford County sheriff's department does not require deputy sheriffs to take annual or other periodic physical examinations at any age, even though many people develop heart disease, spinal-disc disease or other conditions that disable them from hazardous physical activities long before they reach 55.

*Heiar v. Crawford County*, 746 F.2d 1190, 1198 (7th Cir.1984). *See also, EEOC v. Commonwealth of Pennsylvania*, 768 F.2d 514, 518 (3rd Cir.1985).

The problems which Tennessee faces in defending its age limits include 1) Tennessee has provided statutory exceptions to the age limit, 2) there is no evidence that officers who were allowed to remain on the force past 55 years were not performing their duties adequately, and 3) the agency does not require officers either below or above the age of 55 to be subject to aerobic tests or heart examinations.

Thus, Tennessee makes exceptions to its stated policy of mandatory retirement which exceptions are not based on physical fitness or cardiovascular health but are permitted by statute to be based on political pressure or the economic plight of individual officers. In *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 120–122, 105 S.Ct. 613, 621–22, 83 L.Ed.2d 523 (1985), the Supreme Court held that the ADEA does not require the employer to grant privileges to disqualified employees. However, if the employer does grant some disqualified employees a privilege, then it may not deny this opportunity to others because of their age.

In summary, Tennessee's 55 mandatory retirement age, as it is shown to operate by this record, violates the first prong of the *Criswell* test because Tennessee has not shown that physical and coronary fitness are reasonably necessary to the job of serving as a Tennessee Wildlife Officer. The lack of bona fides of Tennessee's mandatory retirement age is shown by the following: 1) it contains no provision for testing, evaluating, or improving the aerobic and coronary fitness of officers either under or over the 55–year limitation; 2) it contains no evidence that officers over 55 who have been allowed to continue to work have proved to be unsatisfactory; 3) the state has explicitly by statute permitted exceptions to the mandatory retirement age, not on the basis of health and fitness, but instead on the basis of the economic status of individual officers; and 4) Tennessee admits that some officers were retained beyond 55 for political reasons. All these factors demonstrate that aerobic and coronary fitness have not been treated as reasonably necessary to the job of serving as a Tennessee Wildlife Officer.

The judgment of the District Court is reversed and the case is remanded for further consideration.